# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Jeffery Dale Tolliver, #13-12613,  ) | |
| ) | Civil Action No. 1:16-cv-03889-JMC |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Spartanburg County Detention Facility,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

Plaintiff, proceeding *pro se* and in *forma pauperis*, brought this action (ECF No. 1) seeking relief pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 7), filed on December 19, 2016, recommending that this action be dismissed without prejudice and without issuance and service of process. The Report sets forth in detail the relevant facts and legal standards on this matter which the court interprets herein without a recitation.

## I.  STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). Moreover, the court is charged with making a *de novo* determination of those portions of a report and recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Objections to a report and recommendation must specifically identify portions of the report and the basis for

those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.  OBJECTIONS

Plaintiff was notified of his right to file objections to the Report within fourteen days of the date of service of the Report. (ECF No. 7 at 5.) Plaintiff filed untimely objections to the Report on January 6, 2017. (ECF No. 10.) In his objections, Plaintiff apologizes to the court for the delayed filing and alleges that he was not properly served with the Report or notified of his right to file objections until January 3, 2017. (ECF No. 10 at 1.) Assuming this allegation is true, Plaintiff promptly filed objections within three days of receiving the Report and notice of his right to file objections.[1] Therefore, the court assumes that Plaintiff's objections were timely filed.

In his objections, Plaintiff explains that he named Spartanburg County Detention Facility ("SCDF") as the Defendant in this action because he could not name specific individuals at SCDF responsible for his injuries. Specifically, Plaintiff states that "given the scope of this Complaint which covers 'all divisions' and 'branches' of this department — it is impossible to name the persons amenable under suit individually." (ECF No. 10 at 3). Despite this objection, Plaintiff nevertheless fails to establish that SCDF is a "person" amenable to suit under 42 U.S.C. § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011).

---

[1] Pro se pleadings are accorded liberal construction and are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Additionally, the court assumes that a plaintiff's allegations are true when evaluating pro se pleadings. *See Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).

However, in addition to his objections, Plaintiff contemporaneously filed an Amendment to Claim (ECF No. 10) requesting that the court name two individual prison officers amenable to suit under 42 U.S.C. § 1983 as Co-Defendants instead of SCDF. On January 17, 2017, Plaintiff filed a subsequent Amendment/Addition to Claim (ECF No. 13) requesting again that the court name two individual prison officers as Co-Defendants instead of SCDF.[2] The court construes the Amended Complaint (ECF No. 10) and Amendment/Addition to Claim (ECF No. 13) conjunctively as a Motion to Amend and supplemental objection to the Report. *See Franklin v. Alford*, No. 1:12-CV-393, 2013 WL 1984367 at *1, (E.D. Tex. May 13, 2013).

The court may grant a party leave to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Furthermore, a motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). The district court has the sound discretion to grant or deny a party leave to amend. *Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988). However, "it is well-settled that 'in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be freely given.'" *National Bank of Washington v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The court has conducted a *de novo* review of Plaintiff's Motion to Amend in relation to the pleadings and applicable law. After careful consideration, the court concludes that *pro se* Plaintiff's amendment naming two individual prison officers as Co-Defendants instead of SCDF is neither prejudicial, futile or made in bad faith. Furthermore, the naming of individual persons

---

[2] Plaintiff also filed a document titled Motion for Summary Judgment (ECF No. 12) in which he asked the court to deliver any filed summary judgment documents to a specified address. The court hereby **DENIES** Plaintiff's Motion for Summary Judgment. However, the court assures that Plaintiff will be properly notified upon Defendant SCDF's filing of summary judgment documents with the court.

3

amenable to suit under 42 U.S.C. § 1983 may transform Plaintiff's Complaint into a cognizable claim that would survive dismissal. Therefore, justice requires that the court grant Plaintiff leave to amend his complaint.

### III. CONCLUSION

For the reasons discussed herein, the court **OVERRULES** Plaintiff's supplemental objection (ECF No. 10) and **GRANTS** Plaintiff's motions for leave to amend his complaint (ECF Nos. 11, 13). Plaintiff is **DIRECTED** to file an amended complaint, bringing it into proper form in accordance with Local Civ. R. 83.VIII.01 (D.S.C.)[3] and incorporating all the allegations he wishes to pursue in this matter, on or before **February 17, 2017**. If Plaintiff fails to file an amended complaint by this date, his claim will be subject to dismissal. The court **RECOMMITS** this matter to the Magistrate Judge for further proceedings consistent with the rulings in this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 2, 2017
Columbia, South Carolina

---

[3] The Clerk's Office is directed to provide Plaintiff with the proper form.

4